# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 25, 2018

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

153696

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

DAVID ALLEN SNYDER,
        Defendant-Appellant.

SC:  153696
COA:  325449
Gratiot CC:  14-007061-FH

_____/

By order of October 3, 2017, the application for leave to appeal the February 18, 2016 judgment of the Court of Appeals was held in abeyance pending the decision in *People v Temelkoski* (Docket No. 150643).  On order of the Court, the case having been decided on January 24, 2018, 501 Mich ___ (2018), the application is again considered. We direct the Clerk to schedule oral argument on whether to grant the application or take other action.  MCR 7.305(H)(1).

We further ORDER the Gratiot Circuit Court, in accordance with Administrative Order 2003-03, to determine whether the defendant is indigent and, if so, to appoint the State Appellate Defender Office, if feasible, to represent the defendant in this Court.  If this appointment is not feasible, the trial court shall, within the same time frame, appoint other counsel to represent the defendant in this Court.

The appellant shall file a supplemental brief within 42 days of the date of the order appointing counsel, or of the ruling that the defendant is not entitled to appointed counsel, addressing:  (1) whether the requirements of the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*., amount to "punishment," see *People v Earl*, 495 Mich 33 (2014), see also *Does # 1-5 v Snyder*, 834 F3d 696, 703-706 (CA 6, 2016), cert den sub nom *Snyder v John Does # 1-5*, 138 S Ct 55 (Oct 2, 2017); and (2) whether the defendant's conviction pursuant to MCL 28.729 for failure to register under SORA is an ex post facto punishment, where the registry has been made public, and other requirements enacted, only after the defendant committed the listed offense that required him to register, US Const, art I, § 10; Const 1963, art 1, § 10.  In addition to the brief, the appellant shall

electronically file an appendix conforming to MCR 7.312(D)(2). In the brief, citations to the record must provide the appendix page numbers as required by MCR 7.312(B)(1). The appellee shall file a supplemental brief within 21 days of being served with the appellant's brief. The appellee shall also electronically file an appendix, or in the alternative, stipulate to the use of the appendix filed by the appellant. A reply, if any, must be filed by the appellant within 14 days of being served with the appellee's brief. The parties should not submit mere restatements of their application papers.

We direct the Clerk to schedule the oral argument in this case for the same future session of the Court when it will hear oral argument in *People v Tucker* (Docket No. 152798).

The Criminal Defense Attorneys of Michigan, the Prosecuting Attorneys Association of Michigan, and the American Civil Liberties Union of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 25, 2018



Clerk

a0522